COUNTY COURT OF ROANE COUNTY, *et al. v.* PHIL D. PHILLIPS, *Sheriff*

(No. 8956)

Submitted August 1, 1939. Decided August 5, 1939.

(Opinion filed September 6, 1939.)

*Grover F. Hedges,* for plaintiffs in error.
*Clair Smith* and *Wm. S. Ryan,* for defendant in error.

Fox, President:

In August, 1938, the County Court of Roane County made up an estimate of proposed expenditures from the general county fund for the fiscal year ending June 30,

1939. The aggregate of the proposed expenditures was $94,070.00, in which was included $35,000.00 for general relief. The estimate was approved by the State Tax Commissioner, and, after taking into account a balance in the county fund, and estimated receipts from sources other than taxes, levies laid to cover the same. Early in the calendar year 1939 it became apparent that the estimate for general relief was too low, and, after correspondence with the State Tax Commissioner, the prosecuting attorney of Roane County, and the attorney general, the court, on March 27, 1939, entered an order assuming to transfer from the general county fund to the general county relief fund the sum of $1,000.00, and subsequently issued orders upon the requisitions of the County Public Assistance Council, in the aggregate of $810.20, which were drawn on and intended to be paid out of the fund so attempted to be transferred. The sheriff of Roane County, the respondent herein, refused to make the transfer of the $1,000.00 on his books, and refused to pay the several orders issued by the court as aforesaid. This Court, upon the petition of the county court, awarded a rule in mandamus, returnable before the Circuit Court of Roane County, and that court, on a full hearing of the matter, refused to issue the writ of mandamus prayed for, and dismissed the petition therefor. To this action of the court the petitioner prosecutes its writ of error.

Two facts appear from the record: First, the sum available in the general county fund from balances carried over from the preceding year, and from levies and other receipts, collected and collectible, for the then fiscal year was ample to justify the additional proposed expenditure for general relief; and second, at the date of the order of transfer, and at the time when the several relief orders were presented to the sheriff, there was an actual cash overdraft in the general county fund in excess of $12,000.00. On this state of facts the trial court held that the existence of this cash overdraft in the general county fund relieved the sheriff of any obligation to recognize the attempted transfer of funds, or the orders

issued based thereon, if indeed it did not prohibit such recognition. This brings us to the crucial question.

. We hold that the county court, under the conditions then existing, was warranted in using the additional sum of $1,000.00 for relief purposes, and, as preliminary to such use, to make the transfer of said amount to the general relief fund. Article X, Chapter 1, Acts First Ex. Sess. 1936, fixes the responsibility of the counties for general relief, and only authorizes aid by the state when the fiscal resources of a county have been exhausted. The burden being so imposed, it was the duty of the county court to carry the same to the full extent of available revenues. The matter of the transfer of funds is secondary, yet section 4 of article 10 provides that the county court shall include, as a separate item, in its levy estimate, a fund to be known as "General Relief Fund", and section 5 provides that relief shall be paid by the county court upon the requisition of the County Public Assistance Council. In practical application, this is done by making provisions for general relief as one item of the general estimate of county expenditures. There is no separate and independent levy for relief, and the terms of the statute preclude such a levy. These provisions account for the seeming necessity of keeping the general relief fund separate from the general county fund, although included in the current expenditures estimate, and make it necessary to transfer from the general county fund if the relief fund is to be aided. The law was followed by the county court in making up its estimate in August, 1938. A sum, presumably then estimated as sufficient, was set aside for general relief, and later, when it was determined that the estimate so made was too low, the court attempted to add to the relief fund an additional sum from the general county fund. Funds being available for the purpose, it was clearly within the power of the court to make the expenditure. The sheriff should have made the transfer of funds on his books as directed by the county court.

The question of the payment by the sheriff of the

several orders issued for relief presents a different question. A sheriff is not required to pay orders issued by the county court when the fund on which they are drawn is exhausted, nor when there are no actual funds in his hands to meet the same; but he is not warranted in ignoring orders issued by those in control of the funds which go into his hands. It is a matter of common knowledge that the general county fund is often overdrawn on an actual cash basis. It cannot well be otherwise when we consider that expenditures for a fiscal year begin on July 1st, whereas tax collections are not made until four months later, and one-half of all taxes are not legally collectible until two months before the end of the fiscal year. Therefore, when we speak of available revenues, the entire fiscal year is considered, and not the state of the fund from the standpoint of actual cash in the hands of the sheriff on a particular date. That the sheriff of Roane County was familiar with this situation is attested by the fact that prior to April 15, 1939, he had, according to his answer herein, at one time permitted a cash overdraft of at least $24,130.29 to accumulate in the general county fund.

That there would be times when orders could not be paid by a sheriff is recognized by Code, 7-5-7, which provides for the payment of interest on orders presented at times when actual cash to pay the same is not in the hands of the sheriff. When the orders aggregating $810.20 were presented the holders thereof had the right to have the same endorsed as presented for payment. The same statute makes it the duty of the sheriff to pay the orders whenever funds are in his hands applicable thereto. It should be stressed here that the control of expenditures of the general county fund rests with the county court and not the sheriff. *State* v. *Melton,* 62 W. Va. 253, 57 S. E. 729. He may protect himself by refusing to pay orders when he does not have actual cash applicable thereto, but he cannot refuse to endorse orders presented for payment, or to pay the same when he has cash in hand, simply because he may question the judgment of the

county court in issuing the order, or its power to do so. Such matters are the responsibility of the county court and not the sheriff.

In approving the transfer of funds under the circumstances developed by the record, we do not wish to be understood as opening the door to indiscriminate shifting from one fund to another within the general estimate. An estimate is merely to calculate approximately the money necessary for a particular purpose. In many cases, such as the payment of salaries and compensation fixed by statute or the order of the court, the necessary amount can be fixed with almost complete accuracy; while in other classes of expenditures such as court expenses, feeding of prisoners and relief, the necessary needs may fluctuate widely. A county court has the power to make reasonable use of available funds for the carrying on of the usual functions of county government, and a reasonable increase of expenditures for a particular purpose, involving in some cases the use of funds estimated for another purpose, is within the power of the court provided the entire expenditures do not exceed the revenues and balances available for the fiscal year. The use of this power involves good faith on the part of the court in every instance, and any willful attempt on the part of a county court to estimate for one purpose with intent that the fund involved be used for another would clearly violate both the spirit and the letter of the laws set up to protect the expenditures of public funds.

A writ of mandamus will issue requiring the transfer on the books of the sheriff of Roane County of the sum of $1,000.00 to the General Relief Fund; but such writ will be refused as to the payment of the several orders aggregating $810.20 until such time as the said sheriff is shown to have actual funds in his hands to pay the same.

*Affirmed in part; reversed in part.*